IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JASON HIMLER,  )
　　　　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,  )
　　　　　　　　　　　　　　　　　　　　　)
　-vs-  )  Civil Action No. 16-280
　　　　　　　　　　　　　　　　　　　　　)
NANCY A. BERRYHILL,[1]  )
COMMISSIONER OF SOCIAL SECURITY,  )
　　　　　　　　　　　　　　　　　　　　　)
　　　　　Defendant.  )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). Both parties have filed briefs in support of their motions. (ECF Nos. 11 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 10) and granting Defendant's Motion for Summary Judgment. (ECF No. 12).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed his applications alleging he has been disabled since September 1, 2012. (ECF No. 8-6, pp. 9, 11). Administrative Law Judge ("ALJ"), Michael S. Kaczmarek, held a hearing on August 20, 2014. (ECF No. 8-2, pp. 34-72). On October 21, 2014, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 16-29).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

1

The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not,

whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520.  The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4).  *Dobrowolsky*, 606 F.2d at 406.  Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).  *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.  *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.     **Hypothetical Question**

Plaintiff argues that the case should be remanded because there is a "significant error" in the ALJ's hypothetical question presented to the Vocational Expert ("VE").  (ECF No. 11, p. 10). Specifically, Plaintiff suggests that the ALJ asked the VE to consider a hypothetical individual that "'can only occasionally climb ramps and stairs' and then notes the individual 'can never climb ladders, ramps, or scaffolds'."  (ECF No. 11, p. 10).  Plaintiff suggests that due to this confusion there is no way to know if the VE would have changed his opinion on job availability, numbers, etc. *Id.*     As such, Plaintiff submits that the only way to correct this error is to remand the case.   *Id.* After a review of the evidence, I disagree.

In actuality, the ALJ asked the VE to consider an individual who "can occasionally climb ramps and stairs, but never ladders, *ropes,* or scaffolds, …."  (ECF No. 8-2, p. 67)(emphasis

3

added). The VE responded with jobs that that exist in significant numbers in the national economy. (ECF No. 8-2, p. 68). Thus, I find no confusion in the question posed or response given.[2] Therefore, remand on this basis is not warranted.

**C.     Dr. Johnson's Opinion**

Plaintiff next argues that the ALJ "failed to provide appropriate weight to the opinion of the consultative examiner", Dr. Johnson. (ECF No. 11, pp. 10-11). After a review of the evidence, I disagree.

The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give

---

[2] I acknowledge that there is a typographical error in the ALJ's RFC wherein he states that Plaintiff is limited to "occasionally climb *ramps* and stairs and can never climb ladders, *ramps*, or scaffolds" (ECF No. 8-2, p. 20). This typographical error in the opinion, however, in no way could have caused confusion to the question posed to the VE at the hearing, which was conducted prior to the writing of the ALJ's decision. Furthermore, it is clear that the error is typographical when comparing the language of the RFC and the explanatory section under the RFC. *Compare:* ECF No. 8-2, p. 20, *with* p. 27 (Plaintiff "can only occasionally climb ramps and stairs and can never climb ladders, ramps, or scaffolds" *vs.* "Postural limitation have been given against more than occasional bending, twisting, crawling, or climbing and no climbing of ladders, ropes, or scaffolds as part of the job…."). The error is harmless as I am able to make a meaningful judicial review without the same. Thus, any remand to correct the typographical error in the decision of the ALJ would be an exercise in futility. *Rutherford v. Barnhart,* 399 F.3d 546, 553 (3d Cir. 2005)(remand is not warranted where "it would not affect the outcome of the case"). Consequently, remand is not required on this basis.

that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, Plaintiff concludes that the ALJ "should have placed significant weight" on Dr. Johnson's opinion and should not be able to "pick and choose" parts of the opinion to accept.[3] (ECF No. 11, pp. 10-11). ALJs are not required to accept medical opinions wholesale, especially when certain portions internally conflict. Here, the ALJ sufficiently explained why he was rejecting potions of Dr. Johnson's opinion as it related to lifting and carrying restrictions. (ECF No. 8-2, pp. 20-27). The ALJ found said restrictions were internally inconsistent with Dr. Johnson's clinical findings, as well as the other record evidence. *Id.* at p. 25. These are valid and acceptable reasons for discounting opinion evidence. *See,* 20 C.F.R. §§404.1527; 416.927

---

[3] In support of the same, Plaintiff appears to argue that there is evidence of record to support Dr. Johnson's opinion regarding lifting and carrying restrictions. (ECF No. 11, p. 11). To be clear, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, this support for Plaintiff's argument is misplaced.

(Evaluating Opinion Evidence).  I find the reasons given by the ALJ in weighing Dr. Johnson's opinion were sufficiently explained and supported by substantial evidence of record.  (ECF No. 8-2, pp. 20-27).   Therefore, I find the ALJ did not err in this regard.   Consequently, remand is not warranted on this basis.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JASON HIMLER, )
          Plaintiff, )
  -vs- ) Civil Action No. 16-280
NANCY A. BERRYHILL,[4] )
COMMISSIONER OF SOCIAL SECURITY, )
          Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 22nd day of February, 2017, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 10) is denied and Defendant's Motion for Summary Judgment (Docket No. 12) is granted.

                                              BY THE COURT:

                                              s/ Donetta W. Ambrose
                                              Donetta W. Ambrose
                                              United States Senior District Judge

---

[4] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.